THE STATE, EX REL. CLEVELAND BOARD OF EDUCATION, *v.*
STATE BOARD OF EDUCATION OF OHIO ET AL.

[Cite as State, ex rel. Cleveland Bd. of Edn., *v.* State Bd. of Edn. (1984),
11 Ohio St. 3d 89.]

(No. 84-849—Decided June 6, 1984.)

*Mr. Thomas C. Simiele* and *Mr. Michael L. Gordon,* for relator.
*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Gary E. Brown,* for respondents.

*Per Curiam.* The sole issue presented is whether relator is entitled to the waiver of one day of required instruction as requested. The waiver of the

minimum school year requirements is governed by R.C. 3317.01(B) which provides in relevant part:

"* * * This requirement shall be waived by the superintendent of public instruction if it had been necessary for a school to be closed because of disease epidemic, hazardous weather conditions, damage to a school building, or other temporary circumstances due to utility failure rendering the school building unfit for school use, * * *."

For the reasons that follow, we conclude that relator is entitled to the waiver of one day of instruction due to "other temporary circumstances due to utility failure rendering the school building unfit for school use" under R.C. 3317.01(B). We note first that no argument was made nor evidence presented to suggest that relator's superintendent acted imprudently in closing the schools. The utilities were inoperable, creating a genuine concern for the welfare of the students if classes were held. We sympathize with respondent's concern that too lenient enforcement of minimum school year requirements will erode the protections they afford to Ohio's public school students. However, the purpose of the minimum school year is to provide guidelines to insure that public schools offer quality education. We cannot conclude that one day of instruction will improve the quality of education offered in the Cleveland Public Schools this year, particularly when the one day will cost relator $750,000.

In so holding, we expressly reject relator's contention that the reason for the utility failure is irrelevant in determining whether a waiver is appropriate under R.C. 3317.01(B). We find simply that the reasons for the utility failure herein do not justify requiring relator to schedule a make-up day of instruction at a cost of $750,000. This expenditure can only adversely affect relator's students in the long run, with no practical benefit in return.

Accordingly, the writ is allowed.

*Writ allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.